UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIE PASCHAL,

          Plaintiff,

    v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, a foreign
insurance company,

          Defendant.

Case No. C14-1640RSM

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION FOR PRTIECTIVE ORDER

## I.   INTRODUCTION

THIS MATTER comes before the Court on American Family Mutual Insurance Company's ("AmFam") Motion for Protective Order.  Dkt. #10.  AmFam seeks an Order precluding Plaintiff from obtaining information about payments made to third party medical examiners used by AmFam, employee files for several of its adjusters, and an identification of all Washington State lawsuits in the past 10 years involving bad faith claims.  *Id.*  Plaintiff argues that the requested information and documents are relevant and not privileged, and that Defendant has failed to demonstrate undue burden.  Dkt. #14.  For the reasons set forth herein, the Court now GRANTS IN PART and DENIES IN PART Defendant's motion.

## II.   BACKGROUND

This matter involves questions surrounding insurance coverage under a "Family Car Policy" issued by Defendant to Plaintiff.  Dkt. #1, Ex. A.  On September 7, 2010, Ms. Paschal

ORDER
PAGE - 1

was involved in a motor vehicle collision in Everett, WA.  Dkt. #1, Ex. A at ¶ ¶ 5.2-5.4.  The driver of the other vehicle involved was uninsured.  The uninsured driver was cited for failing to yield the right of way to Ms. Paschal.  *Id.* at ¶ 5.5.  Ms. Paschal alleges that she suffered serious injuries to her neck as a result of the accident.  *Id.* at ¶ 5.6.  Ms. Paschal also alleges that her car was "totaled" as a result of the accident.  *Id.* at ¶ 5.7.

Shortly after the accident, Ms. Paschal reported it to AmFam.  *Id.* at ¶ 5.11.  Ms. Paschal alleges that she required significant treatment for her injuries, and continues to suffer pain.  *Id.* at ¶ 5.14.  She further alleges that AmFam has mishandled her claim in a variety of ways.  *See id.* at ¶ ¶ 5.24-5.28.  Plaintiff also alleges that AmFam mishandled her personal injury claim in a variety of ways.  *Id.* at ¶ ¶ 5.29-5.46.

In the instant lawsuit, Ms. Paschal alleges claims for breach of contract, violations of Washington's Consumer Protection Act ("CPA"), bad faith, and violations of the Insurance Fair Conduct Act ("IFCA").  Dkt. #1, Ex. A.

Plaintiff has served discovery requests on AmFam.  The instant motion now seeks a protective Order restricting discovery with respect to the following Interrogatories and Requests for Information:

> **Interrogatory #13:** For each calendar year from 2009 to the present, please state the total amount of payments American Family made to ExamWorks Inc. for work requested on claims or lawsuits arising in Washington State.
>
> **OBJECTION:** Beyond the scope of FRCP 26, not reasonably calculated to lead to discoverable information, irrelevant, unduly burdensome, vague, seeks production of confidential information and/or proprietary information.
>
> **Interrogatory #14:** For each calendar year from 2009 to the present, please state the total amount of payments American Family made to Medical Management Online, Inc. for work requested on claims or lawsuits arising in Washington State.

ORDER
PAGE - 2

**OBJECTION:** Beyond the scope of FRCP 26, not reasonably calculated to lead to discoverable information, irrelevant, unduly burdensome, vague, seeks production of confidential information and/or proprietary information.

**Request for Production #26:** Please produce the complete employee files for Tina Johnson, Connie Seter, Tammie J. Hinely, Phil Scot, and Natasha Kroh.

**OBJECTION:** Beyond the scope of FRCP 26, not reasonably calculated to lead to discoverable information, irrelevant, seeks production of confidential information.

**Interrogatory #17:** Please identify by name, court, and case number all Washington State lawsuits to which you have been a party during the last ten (10 ) years in which an issue in dispute was a claim of bad faith failure in the handling of personal injury protection ("PIP") or underinsured/uninsured motorist ("UIM/UM") claims of your policyholders.

**OBJECTION:** Beyond the scope of FRCP 26, not reasonably calculated to lead to discoverable information, irrelevant, unduly burdensome, vague, seeks production of information that is readily obtainable from other sources.

Dkt. #10 at 1-2. Defendant also seeks an Order preventing the disclosure of the claims file after the date it was notified of Plaintiff's intent to sue under IFCA. Dkt. #10 at 5-8.

## III.   DISCUSSION

Under Federal Rule of Civil Procedure 26 (b)(1):

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)). "At the same time,

ORDER
PAGE - 3

discovery, like all matters of procedure, has ultimate and necessary boundaries.  Discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)."  *Id.*, at 351-352.

Federal Rule of Civil Procedure 26(c), which governs protective orders, provides:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery . . . (D) forbidding inquiry into that certain matters, or limiting the scope of disclosure or discovery to certain matters. . .
> Rule 26(c)(1).

With this legal framework, the Court turns to the instant motion.

*1.  Post-IFCA Claims File*

Defendant first seeks an Order protecting its post-IFCA claims file from disclosure on the basis of the attorney work product privilege.  Dkt. #10 at 5-7.  Federal law governs assertions of work product protection.  *See United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 965-66 (3d Cir. 1988); *Bozzuto v. Cox, Castle & Nicholson, LLP*, 255 F.R.D. 673 (C.D. Cal. 2009); *Lexington Ins. Co. v. Swanson*, 240 F.R.D. 662, 666 (W.D. Wash. 2007).  Under Federal Rule of Civil Procedure 26(b)(3), the work-product doctrine protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."  *See also United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011).  Where a document was not prepared exclusively for litigation, "then the 'because of' test is used."  *Id.*  "Dual purpose documents are deemed prepared because of litigation if 'in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation.'"  *Id.*  "[C]ourts must consider the totality of the circumstances and determine whether the document was created because of anticipated litigation, and would not have been

ORDER
PAGE - 4

created in substantially similar form but for the prospect of litigation" in applying the "because of" standard. *Id.* at 568 (internal quotations omitted).

Here, Defendant argues in conclusory manner that it should not be required to produce its post-IFCA claims file because "[a]ll documents and information prepared after Plaintiff's IFCA notice are privileged work product." Dkt. #10 at 7. Defendant cites to no legal authority supporting such a broad proposition, and the Court is unaware of any such authority. Moreover, Defendant provides no privilege log or other description of any potentially privileged documents under which the Court could analyze whether the privilege actually exists. Accordingly, the Court DENIES Defendant's motion with respect to the post-IFCA claim file. Without more from Defendant, there is no way for this Court to determine whether the documents it claims are privileged are actually attorney work product. However, nothing in this Order precludes Defendant from renewing its motion with more specificity such that the Court can properly evaluate the asserted privilege.

### 2. Information Pertaining to Bad Faith Law Suits

Defendant next seeks an Order of protection with respect to Plaintiff's Interrogatory No. 7, which asks for the identification of all Washington State lawsuits to which Defendant has been a party during the last ten years in which there were bad faith claims.[1] Dkt. #10 at 7-8. Defendant argues that this request is overbroad and not relevant, and that such information is readily accessible to Plaintiff publicly. Plaintiff asserts that her request is relevant because it may: (1) be helpful to the determination of whether American Family should be held liable for

---

[1]  Confusingly, Defendant titles this section of its motion as one pertaining to a 30(b)(6) deposition notice, yet the argument is based solely on Plaintiff's Interrogatory No.17. Dkt #10 at 7. Defendant presents no argument with respect to any 30(b)(6) witness, nor does it provide a copy of any 30(b)(6) notice in support of its motion. *See* Dkts. #10 at 7 and #11. Accordingly, the Court decides this motion only with respect to Plaintiff's Interrogatory No. 17, and make no determination with respect to any 30(b)(6) notices in this matter.

ORDER
PAGE - 5

exemplary damages (*e.g.*, if it has repeatedly engaged in similar misconduct, despite specific knowledge of the illegality of its acts); (2) to reveal prior statements of a party-opponent that may support Plaintiff's claims or contradict American Family's defenses; (3) to provide evidence of whether American Family has violated WAC 284-30-330(3) by failing to "adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies"; and (4) identify other sources of discovery that are currently unknown to Plaintiff.  Dkt. #14 at 10-11.

As an initial matter, the Court disagrees with Plaintiff that such information is relevant with respect to her breach of contract, IFCA or bad faith claims.  This Court has already determined as much in prior suits against AmFam.  *See*, *e.g.* Dkt. #11, Ex. G at 8-9 (*Schreib v. American Family Mutual Insurance Company*, Case No. C14-0165JLR, Dkt. #41 at 8-9).

Likewise, such information is not relevant to Plaintiff's CPA claim.  To prevail on a claim under Washington's CPA, a plaintiff must prove that (1) the defendant engaged in an unfair or deceptive act or practice, (2) the act occurred in trade or commerce, (3) the act affects the public interest, (4) the plaintiff suffered injury to his business or property, and (5) the injury was causally related to the act.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986).  Plaintiff does not assert that the requested information is necessary to prove her claim itself.  Rather, she argues that such information is necessary with respect to proving damages. Dkt. #14 at 10-11.  However, as with claims made under IFCA, while the CPA authorizes the award of treble damages to prevailing parties, such damages are based on first proving "actual damages."  RCW 19.86.093.  The information sought does not appear to be relevant to proving Plaintiff's actual damages, and therefore is not relevant to proving any treble damages.  Accordingly, the Court GRANTS Defendant's motion

ORDER
PAGE - 6

with respect to Plainitff's Interrogatory No. 17, and Defendant is not required to further respond.

    *3.   Employee Personnel Files*

      Defendant next seeks a protective order with respect to certain employee personnel files.  Dkt. #10 at 8-9.  Defendant argues that these files should be protected from disclosure because they are not relevant and contain private information that should not be disclosed.  *Id.* Plaintiff argues that these files are relevant because she has reason to believe that compensation of Defendant's employees is tied to claim payments, and because she believes these employees were not trained properly to comply with Washington law.  Dkt. #14 at 11.

      Just as this Court has determined in other cases against AmFam involving similar requests, Ms. Paschal fails to show that the information implicated by her request is "reasonably calculated to lead to the discovery of admissible evidence."  *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).  Ms. Paschal speculates that AmFam offers incentives to employees to undervalue claims, but fails to provide any objective basis for this accusation, let alone any explanation of why that theory needs to be resolved by access to employee personnel files.  *See* Dkt. #14 at 11.  Moreover, AmFam employees have already testified that the Corporate Incentive Program provides bonuses based upon customer retention and growth.  Dkt. #15, Ex. 3 at 56:7-57:10.

      Moreover, the information sought by this request – such as performance evaluations and audits – is personal to the AmFam employees in question, and not widely known.  Disclosure may serve to embarrass, annoy, and harass these employees.   Because this annoyance, embarrassment, and burden outweighs any potential benefit of the proposed discovery, the Court finds that AmFam has shown good cause for a protective order.  *See Schreib v. American*

ORDER
PAGE - 7

*Family Mutual Insurance Company*, Case No. C14-0165JLR, Dkt. #41 at 9-10; *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d at 424; Fed. R. Civ. P. 26(c)(1).

Accordingly, the Court GRANTS AmFam's motion for a protective order with respect to this request.  AmFam is not required to disclose the personnel files of Tina Johnson, Connie Seter, Tammie J. HInley, Phil Scot and Natasha Kroh.  Consistent with the principles outlined above, Defendant is not required to further respond to Request for Production No. 26.

   *4.  Payments to Third Party Independent Medical Examiners*

Finally, Defendant seeks an order of protection precluding the disclosure of information about payments made to its third party independent medical examiners for the last six years.  Dkt. #10 at 9.  Defendant argues these requests are irrelevant and unduly burdensome.  *Id.* Plaintiff argues that this information is narrowly tailored to only those examiners involved in Plaintiff's claim, and that such information is relevant because it may show that AmFam acted in bad faith by relying on vendors who had a financial incentive to minimize Plaintiff's injury.  Dkt. #14 at 11-12.  The Court agrees with Plaintiff that the information sought is relevant to the conflict of interest question.  The Court further agrees that Defendant has failed to show that this request is unduly burdensome.  Accordingly, Defendant's motion with respect to this request is DENIED.

### IV.    CONCLUSION

Having reviewed Defendant's Motion for Protective Order, the Response in opposition thereto and Reply in support thereof, along with the supporting Declarations and exhibits and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Protective Order (Dkt. #10) is GRANTED IN PART AND DENIED IN PART as set forth above.

ORDER
PAGE - 8

DATED this 20th day of July, 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE