UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIE PASCHAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a foreign insurance company,<br><br>　　　　　Defendant. | Case No. C14-1640 RSM<br><br>ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR PROTECTIVE ORDER AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |

## I.  INTRODUCTION

THIS MATTER comes before the Court on American Family Mutual Insurance Company's ("AmFam") Renewed Motion for Protective Order and Plaintiff's related Motion to Compel. Dkts. #25 and #27. AmFam seeks an Order precluding Plaintiff from obtaining the post-IFCA claims file, including post-IFCA claim log notes. *Id.* Plaintiff argues that the requested information and documents are relevant and not privileged, and that Defendant has failed to meet its burden demonstrating that they are subject to any privilege. Dkts. #27 and #31. For the reasons set forth herein, the Court now GRANTS Defendant's motion and GRANTS IN PART AND DENIES IN PART Plaintiff's motion.

///

///

ORDER
PAGE - 1

## II. BACKGROUND

The relevant case background was set forth in this Court's prior Order granting in part and denying in part Defendant's motion for a protective order and is incorporated by reference herein. *See* Dkt. #21 at 1-3.

Plaintiff has served discovery requests on Defendant, including a request for the complete claims file. AmFam's motion now seeks a protective Order preventing the disclosure of the portion of the file created after the date AmFam was notified of Plaintiff's intent to sue. Dkts. #25 and #26, Ex. A. Plaintiff's related motion seeks an Order compelling the same documents AmFam wishes to protect, and also seeks a full response to Interrogatory No. 5, to which Defendant objected as follows:

> **INTERROGATORY NO. 5:** For the initial evaluation of Ms. Paschal's uninsured motorist claim with American Family, as well as, each revision (if any) made by American Family to its valuation of Ms. Paschal's uninsured motorist claim, please state the following:
>
> (a) The date of the evaluation or revision;
>
> (b) The value assigned to the claim by American Family for Ms. Paschal's uninsured motorist claim on the date of the evaluation or revision;
>
> (c) The facts relied upon to determine the value or revised value; and
>
> (d) The additional investigative steps performed by American Family or its agents from the date of the prior evaluation or revision to the date of the next revised valuation (if applicable).
>
> **OBJECTION:** This interrogatory requests information previously provided to plaintiffs and is duplicative. This interrogatory further seeks to invade the attorney-client and work product privileges.
>
> **Subject to Objection and without waiver:** This information has previously been produced. Please see claims file and non-privileged claims log.

Dkt. #29, Ex. 7.

ORDER
PAGE - 2

## III.  DISCUSSION

**A.  Documents Subject to Work Product Privilege**

In the course of briefing the instant motions, Defendant agreed to an *in camera* review of the documents at issue, which the Court has since received and reviewed.  As further discussed herein, the Court now finds that the subject documents, which total 41 pages, are properly withheld, and therefore the Court will not compel their disclosure.

As an initial matter, Plaintiff now concedes that the following documents were properly identified on Defendant's supplemental privilege log and need not be produced: PASCHAL3-4, PASCHAL1163-1164, PASCHAL1447-1448, and PASCHAL1459-1461.  Dkt. #31 at 3, fn. 1.  Accordingly, the Court will grant a protective order with respect to those documents and will not compel Defendant to produce them.

With respect to the remaining documents at issue, Defendant argues that the documents are protected by the work product privilege because they relate to the legal analysis of coverage, potential liability, and strategy after Plaintiff filed notice of her IFCA suit.  Dkt. #25 at 3-5.  The Court agrees with Defendant.

The work-product doctrine shelters the mental processes of attorneys and is a procedural immunity governed by the Federal Rules of Civil Procedure, specifically Rule 26(b)(3).  *Lexington Ins. Co.,* 240 F.R.D. at 666; *Tubar v. Clift,* No. C05-1154JCC, 2007 WL 30872, at 83 (W.D. Wash. Jan. 4, 2007).  The doctrine serves as a limitation on pretrial discovery and is not an evidentiary privilege.  *United States v. Nobles,* 422 U.S. 225, 246, 95 S.Ct. 2160, 45L. Ed.2d 141 (1975).  Rather, the work product doctrine is a qualified immunity protecting from discovery documents and tangible things prepared by a party or his

ORDER
PAGE - 3

representative in anticipation of litigation. *Admiralty Ins. Co. v. U.s. Dist. Court for dist. Ariz.,* 881 F.2d 1486, 1494 (9th Cir. 1989).

Rule 26(b)(3) provides, in pertinent part:

> **(3) Trial Preparation: Materials.**
>
> > **(A)** Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
> >
> > **(i)** they are otherwise discoverable under Rule 26(b)(1); and
> >
> > **(ii)** the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

The primary purpose of the work product rule is to "prevent exploitation of a party's efforts in preparation for litigation." *Admiralty Ins. Co. v. U.S. Dist. Court for Dist. Ariz.,* 881 F.2d 1486, 1494 (9th Cir. 1989).

> At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. But the doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system. One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself.

*United States v. Nobles,* 422 U.S. 225, 238-39, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975).

In order to qualify for the work product protection, "documents must have two characteristics: (1) they must be 'prepared in anticipation of litigation or for trial,' and (2) they must be prepared 'by or for another party or by or for that other party's representative.'" *In re California Pub. Utils. Comm'n,* 892 F.2d 778, 780–81 (9th Cir. 1989). This requires the party

ORDER
PAGE - 4

asserting the privilege to demonstrate that the threat of litigation was impending. "Courts have observed that the application of the work product doctrine to documents prepared by insurance companies during claims investigations is difficult because the nature of the insurance business is such that an insurance company must investigate a claim prior to determining whether to pay its insured, and thus pre-litigation investigation is the routine business of insurance companies." *St. Paul Reinsurance Company, Ltd. v. Commercial Financial Corp.,* 197 F.R.D. 620, 635 (N.D. Iowa 2000) (internal quotations omitted).

"[A] document should be deemed prepared 'in anticipation of litigation' and thus eligible for work product protection under Rule 26(b)(3) if 'in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation.'" *In re Grand Jury Subpoena (Mark Topf)*, 357 F.3d 900, 907 (9th Cir. 2004). However, "[i]n circumstances where a document serves a dual purpose, that is, where it was not prepared exclusively for litigation, then the 'because of" test is used. *United States v. Richey,* 632 F.3d 559, 568 (9th Cir. 2011). Dual purpose documents are deemed prepared because of litigation if "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *Id.* at p. 567-68. "The 'because of' standard does not consider whether litigation was a primary or secondary motive behind the creation of a document. Rather, it considers the totality of the circumstances and affords protection when it can fairly be said that the 'document was created because of anticipated litigation and would not have been created in substantially similar form but for the prospect of that litigation[.]' (citation omitted)." *In re Grand Jury Subpoena (Mark Topf), supra,* at p. 908.

ORDER
PAGE - 5

Having reviewed the documents at issue in this case, the Court finds that they are subject to the work product privilege as they were prepared because of anticipated and/or actual litigation. The documents reflect liability analyses by claims adjusters and potential legal strategies for defending the claim/lawsuit, which were prepared in anticipation of legal action, and then communicated to the Insurer's counsel. Accordingly, the Court finds that Defendant is not compelled to produce the following documents: PASCHAL945-1963, PASCHAL1298-1302, and PASCHAL1395-1402.

**B. Post-Litigation Documents**

Plaintiff also seeks an Order compelling Defendant to produce any post-litigation claims materials. Dkt. #27 at 9. Defendant notes that no post-litigation claims file exists, as the matter was transferred to its litigation department after Plaintiff filed suit. Dkt. #33. Therefore, there is nothing to produce. Accordingly, the Court denies this portion of Plaintiff's motion to compel.

**C. Interrogatory No. 5**

Finally, Plaintiff seeks an Order compelling a response to Interrogatory No. 5. Dkt. #27 at 10. Defendant objected to this Interrogatory as set forth above, and asserts that it will provide further response based on the Court's decision on its instant motion for protective order. The Court does not find Defendant's argument persuasive. Defendant fails to explain how it adequately responded to Interrogatory No. 5, or demonstrate in the documents it already produced where such information was provided to Plaintiff. For those reasons, Defendant shall be compelled to provide a more complete answer. However, to the extent that responding to Interrogatory No. 5 would reveal post-IFCA notice information now protected from disclosure in this Order, Defendant is not compelled to disclose such information.

ORDER
PAGE - 6

## IV.  CONCLUSION

Having reviewed Defendant's Renewed Motion for Protective Order, Plaintiff's Motion to Compel, the Responses in opposition thereto and Replies in support thereof, along with the supporting Declarations and Exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant's Renewed Motion for Protective Order (Dkt. #25) is GRANTED, and a protective order is granted with respect to documents bearing the Bates Stamp Nos. PASCHAL3-4, PASCHAL945-963, PASCHAL1163-1164, PASCHAL1298-1302, PASCHAL1395-1402, PASCHAL1447-1448, and PASCHAL1459-1461.

2. Plaintiff's Motion to Compel (Dkt. #27) is GRANTED IN PART AND DENIED IN PART.  As noted above, Defendant shall not be compelled to produce the identified documents, as they are protected by the work product privilege.  However, **no later than seven (7) days from the date of this Order** Defendant shall provide a complete answer to Interrogatory No. 5, identifying with particularity the information sought, or where in documents already produced by Bates Stamp Number such information can be found, provided that Defendant is not compelled to disclose post-IFCA notice information now protected by this Order.

DATED this 2nd day of September 2015.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE